UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of December, two thousand nineteen.

Present:      RALPH K. WINTER,
              ROSEMARY S. POOLER,
              MICHAEL H. PARK,
                    *Circuit Judges*.
_____

IN RE: WANG REAL PROPERTY LLC,

               *Debtor*,

WANG REAL PROPERTY LLC,

               *Debtor-Appellant*,

               v.                                            18-3656-bk

JULIE HON, JOHN HON, D.O., P.C., INDIVIDUALLY
AND DBA ELMHURST AVENUE MEDICAL ASSOCIATES, DBA FLUSHING MEDICAL
ASSOCIATES,
               *Creditors-Appellees*.
_____

Appearing for Appellant:      Jean Wang, Wang Law Office, PLLC, Flushing, N.Y.

Appearing for Appellee:       Joseph Aronauer, Aronauer & Yudell, LLP, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*; Craig, *B.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Wang Real Property LLC appeals from the December 7, 2018, order of the United States District Court for the Eastern District of New York (Amon, *J.*) affirming the November 8, 2018 order of the United States Bankruptcy Court for the Eastern District of New York (Craig, *B.J.*) lifting the automatic stay on the motion of Julie Hon, John Hon, D.O., P.C., individually and DBA Elmhurst Avenue Medical Associates, DBA Flushing Medical Associates (collectively, the "Hons"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Our review of the orders of district courts in their capacity as appellate courts in bankruptcy cases is plenary." *In re Best Prods. Co.*, 68 F.3d 26, 29 (2d Cir. 1995). "We therefore independently review the factual findings and legal conclusions of the bankruptcy court," *id.*, such that this Court "must accept the bankruptcy court's findings of fact unless clearly erroneous; conclusions of law are reviewed de novo." *Id.*

The bankruptcy court did not err in granting the Hons relief from the automatic stay. "Numerous cases have found a lack of good faith in filing a bankruptcy petition to constitute cause for lifting the stay." *Manhattan King David Restaurant Inc. v. Levine*, 163 B.R. 36, 40 (S.D.N.Y. 1993) (internal quotation marks omitted). "Bad faith under Section 362 is often found upon a showing that a single asset debtor or a non-going concern filed with the intent to gain relief from a state court action." *Id.* As noted in *In re Sonnax Industries, Inc.*, "a finding of bad faith under Section 362 usually requires a single-asset debtor or the absence of a going concern. Certainly, in such circumstances the bankruptcy filing may have as its only purpose a hope to relitigate a state court action." 907 F.2d 1280, 1287 (2d Cir. 1990) (internal citation omitted). There were ample facts in the record to support the bankruptcy court's conclusion that Wang Properties was using the bankruptcy to "run out the clock so . . . that their lien expires." App'x at 69-70. Wang Property owned a single asset—the property at issue; the amount owed to the few unsecured creditors pales in comparison to the secured creditor; the one asset is the subject of a foreclosure proceeding by the secured creditor; and the bankruptcy was timed in such a way that the stay would be in place when the time for execution of the Hons' judgment ran out. The bankruptcy court acted within the bounds of its discretion in lifting the automatic stay.

We have considered the remainder of Wang Property's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2